*108
 
 PeaesoN,
 
 J.
 

 If an executor assents to the legacies and per7 mits tbe property of the estate to pass out of his hands, without taking' refunding bonds, or retaining funds sufficient for the payment of the debts, and is afterwards compelled to advance his own funds to discharge them, it does not follow as of course, that he may come into a Court of Equity to have the amount refunded by the legatees, on the ground that he was mistaken: Por, it was his duty to keep regular accounts and to take care to retain assets enough to pay the debts; and to allow him to recover from the legatees, after he has permitted them to take the property, except under peculiar circumstances, would be to give direct encouragement to gross carelessness and neglect of duty, to say nothing of the unnecessary litigation to which the legatees are subjected, and the fact that when one, receives property as his own and uses it as such, he may frequently be subjected to much inconvenience by requiring him to account for it and pay it back. He may well say to the executor “it was your business to keep the accounts, and I have a right to consider what you paid to me as my own,”
 
 March
 
 v.
 
 Scarboro',
 
 2 Dev. Eq. 533. There are, however, peculiar circumstances which will entitle an executor to relief — as if a debt of which he had no notice, should be established, or if the value of the funds retained to pay debts should, by accident, be impaired or any other circumstances which rebut the presumption that the necessity for advancing his own funds originated in his own carelessness and loose manner of keeping the accounts.
 

 The circumstances relied on by the plaintiffs as entitling them to relief, are — the testator was a man of large estate; a prudent business man, who kept strict account of his means: by his will, he gives his negroes, his land, except two tracts, to be divided among his wife and children, who, at the time of his death, were living together as one family and had the property in their occupation, &c.: the testator, by • his will, sets apart certain property consisting of two tracts of land, his crop on hand, and the debts due to him for the payment of his debts, and declares that he believes there will be a
 
 surplus
 
 of this fund after discharging all of his debts, and directs the
 
 *109
 
 manner in which this supposed surplus is to be appropriated:
 

 The plaintiffs aver that, acting under the confident belief that the testator understood the condition of his own estate, and had not deceived them, and being disposed to consult the wishes of the widow and children in regard to not taking the plantation and negroes into their possession, and also the intention of the testator as manifested by his setting apart a fund to pay his debts, and declaring that it was more than sufficient for that purpose: they allowed the widow and children to to keep the property and divide it among themselves.— They aver further, that they took into their possession, the fund set apart for the payment of debts and proceeded with the utmost diligence and economy to administer it, by selling the real estate and the crop on hand and collecting the debts due the estate, but by reason of a fall in the price of cotton and their inability to collect many of the debts due the testator, who was a practicing physician, many outstanding accounts could not be made available, and from other causes the amount which they were enabled to realize from the fund set apart for the payment of debts, turned but to be insufficient for that purpose, and they were forced to advance a large amount out of their own funds.
 

 The defendants do not'take issue upon these allegations, except that in regard to the fund set apart for the payment of debts; and they aver that the fund was amply sufficient if it’, had been properly administered, and that the plaintiffs are guilty of gross negligence and mismanagement in regard to it, especially in reference to the collection of the debts of which there were many small ones that might have been saved, and in making sale of the cotton and corn on hand.
 

 The averment of the plaintiffs, if true, certainly makes out a case which entitles them to relief, and the only matter about which the parties are at issue is, in reference to the administration of the fund set apart for the payment of the debts: if this fund was sufficient at the death of the testator and became insufficient afterwards by the negligence or mismanagement of the plaintiffs, their equity is fully met.
 

 This presents a question which we cannot, at the hearing,
 
 *110
 
 effectually deal with, and there must be a reference to the clérk to acquire, and impart to the Court the necessary information in regard to it. Adams’ Eq. 375 ib. 879.
 

 Ordered accordingly.